UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON,
　　　　Plaintiff,

v.

U.S. DOGE SERVICE, *et al.*,
　　　　Defendants.

Case No. 1:25-cv-00511

**DECLARATION OF HEATHER V. WALSH IN SUPPORT OF DEFENDANTS'
OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

I, Heather V. Walsh, make the following declaration based on personal knowledge, information, and belief:

1.　　I currently serve as the Deputy General Counsel in the Office of Management and Budget's (OMB) Office of General Counsel (OGC). Prior to this position, I was an Assistant General Counsel in this office and have worked in OMB's OGC since 2009.

2.　　As Deputy General Counsel at OMB, I am familiar with how the requests submitted under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, that are the subject of this litigation are being handled by OMB and the basis of decisions made during those processes.

3.　　The purpose of this declaration is to provide information about OGC's FOIA operations and the requests at issue in this litigation, to demonstrate why plaintiff's requests should be processed in the ordinary course as expedited requests, rather than being required to be completed on or before March 10.

**PLAINTIFF'S FOIA REQUESTS**

4.　　By letter dated December 19, 2024, plaintiff submitted to OMB its first of three FOIA requests subject to this litigation. Plaintiff's description of the requested records was:

*1) Any and all communications between employees of OMB and Elon Musk, Vivek Ramaswamy, Antonio Gracias, William (Bill) McGinley, or Steve Davis.*

*2) Any and all communications between employees of OMB and any other individual purporting to represent, work for, or communicate on behalf of Elon Musk, Vivek Ramaswamy, Antonio Gracias, William (Bill) McGinley, or Steve Davis.*

*3) Any and all communications between employees of OMB and any other individual purporting to have an association with, represent, work for, or communicate on behalf of the Department of Government Efficiency ("DOGE").*

*4) Any and all communications between employees of OMB and any other individual purporting that they will in the future have an association with, represent, work for, or communicate on behalf of the Department of Government Efficiency ("DOGE").*

*5) Any and all communications between employees of OMB and any other individual purporting to have an association with, represent, work for, or communicate on behalf of "Delivering Outstanding Government Efficiency Caucus," "DOGE Caucus," and related terms.*

*6) Any and all communications between employees of OMB and Senator Joni Ernst, Congresswoman Marjorie Taylor Greene, or their offices between November 5, 2024 and the present regarding DOGE, OMB's organizational structure, staffing, or expenditures or the efficiency of any of its programs, functions, or operations.*

*7) Any and all communications between employees of OMB and any other individual purporting that they will in the future have an association with, represent, work for, or communicate on behalf of "Delivering Outstanding Government Efficiency*

> *Caucus," "DOGE Caucus," and related terms.*
>
> *8) Any and all records within OMB regarding "Department of Government Efficiency," "DOGE," "Government Efficiency Commission," "Delivering Outstanding Government Efficiency Caucus," or "DOGE Caucus."*

At the time this request was submitted, plaintiff did not request expedited processing.

5. By email dated December 20, 2024, OMB acknowledged receipt of this request and assigned it tracking number 2025-373.

6. By letter dated February 11, 2025, plaintiff requested expedited processing of 2025-373.

7. By letter dated February 14, 2025, OMB granted expedited processing to 2025-373.

8. As of the date of this Declaration, 2025-373 remains pending, in the expedited processing queue.

9. By letter dated January 24, 2025, plaintiff submitted its second of three FOIA requests subject to this litigation. In its request letter, plaintiff claimed that it contacted the OMB FOIA Requester Service Center and asked how it may submit a FOIA request to the United States DOGE Service, and claimed that plaintiff was directed to submit the request through OMB. This letter was addressed to "U.S. DOGE Service c/o Office of Management and Budget". Plaintiff's description of the requested records was:

> *-From November 6, 2024 to the date that this request is processed:*
>
> > *● All memoranda, directives, or policies regarding changes to the operations of the former U.S. Digital Service, now renamed the U.S. DOGE Service per Executive Order dated January 20, 2025*
> >
> > *● Organizational charts for the USDS*

- *All memoranda, directives, or policies regarding performance evaluations of employees of USDS*
- *All ethics pledges or waivers executed by USDS personnel*
- *All financial disclosures of USDS personnel*
- *All communications between OMB personnel and the Trump-Vance transition team regarding USDS, including any such communications with USDS personnel*
- *All communications with the office of the Administrator of the USDS regarding actual or potential changes to USDS operations after President Trump assumed office on January 20, 2025*
- *All communications between OMB personnel and USDS personnel*
- *All communications between the USDS Administrator and USDS staff*
- *All communications between USDS personnel and personnel of any federal agency outside of the Executive Office of the President*

-From August 11, 2014 to the date that this request is processed, all letters and inquiries, as well as their responses, between USDS and the office of any representative, senator, committee, subcommittee, working group, or caucus of the United States Congress.

-From January 1, 2014 to January 19, 2025:

- *Organizational charts for the USDS*
- *Memoranda, directives, and policies regarding the scope of USDS's legal authority*
- *Memoranda, directives, and policies regarding the scope of USDS's work with other federal agencies, including how USDS tracked its work with other federal agencies*

> - *All documents regarding USDS's total budget and expenditures in fiscal years 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023, 2024, or 2025*
> - *All documents regarding funding requests or justifications that related to or included USDS operations*
> - *All ethics pledges or waivers executed by USDS personnel*
> - *All financial disclosures of USDS personnel*

Plaintiff's request expressly stated that "Except as otherwise noted in this request, 'USDS' refers to both the United States DOGE Service and the United States Digital Service." Plaintiff additionally asked for expedited processing of this request.

10. By email dated January 24, 2025, OMB acknowledged receipt of this request and assigned it tracking number 2025-573.

11. By letter dated January 29, 2025, OMB granted expedited processing to 2025-573.

12. By letter dated February 25, 2025, OMB informed plaintiff that it would administratively close 2025-573 because it was misdirected to OMB. Due to the extenuating circumstances described in the letter, including miscommunication about whether OMB agreed to accept FOIA requests on behalf of the U.S. DOGE Service, OMB forwarded 2025-573 to the U.S. DOGE Service for their consideration. A true and complete copy of this letter is attached hereto as Exhibit 1.

13. By letter dated January 24, 2025, plaintiff submitted its third of three FOIA requests subject to this litigation to OMB. Plaintiff's description of the requested records was:

> *-From November 6, 2024 to the date that this request is processed:*

- *All memoranda, directives, or policies regarding changes to the operations of the former U.S. Digital Service, now renamed the U.S. DOGE Service per Executive Order dated January 20, 2025*
- *All memoranda, directives, or policies regarding performance evaluations of employees of USDS*
- *All ethics pledges or waivers executed by USDS personnel*
- *All financial disclosures of USDS personnel*
- *All communications between OMB personnel and the Trump-Vance transition team regarding USDS, including any such communications with USDS personnel*
- *All communications with the office of the Administrator of the USDS regarding actual or potential changes to USDS operations after President Trump assumed office on January 20, 2025*
- *All communications between OMB personnel and USDS personnel*

- From August 11, 2014 to the date that this request is processed, all letters and inquiries, as well as their responses, between USDS and the office of any representative, senator, committee, subcommittee, working group, or caucus of the United States Congress.

-From January 1, 2014 to January 19, 2025:

- *Organizational charts for the United States DOGE Service, then referred to as the United States Digital Service*
- *Memoranda, directives, and policies regarding the scope of USDS's legal authority*

> - *Memoranda, directives, and policies regarding the scope of USDS's work with other federal agencies, including how USDS tracked its work with other federal agencies*
> - *All documents regarding USDS's total budget and expenditures in fiscal years 2014, 2015, 2016, 2017, 2018, 2019, 2020, 2021, 2022, 2023, 2024, or 2025*
> - *All documents regarding funding requests or justifications that related to or included USDS operations*
> - *All ethics pledges or waivers executed by USDS personnel*
> - *All financial disclosures of USDS personnel*

Plaintiff's request expressly stated that "Except as otherwise noted in this request, 'USDS' refers to both the United States DOGE Service and the United States Digital Service." Plaintiff additionally asked for expedited processing of this request.

14. By email dated January 24, 2025, OMB acknowledged receipt of this request and assigned it tracking number 2025-574.

15. By letter dated January 29, 2025, OMB granted expedited processing to 2025-574.

16. As of the date of this Declaration, 2025-574 remains pending, in the expedited processing queue.

**OMB'S FOIA WORKLOAD**

17. As of February 27, 2025, OMB has approximately 1207 pending FOIA requests that were received prior to plaintiff's requests. OMB granted expedited processing for approximately 35 FOIA requests prior to receiving any of plaintiff's requests for expedited processing.

18.  Completing the processing of plaintiff's two pending FOIA requests by March 10 would therefore be unfair to other FOIA requesters, who have had equally meritorious claims to expedited processing, and who have been waiting for longer than plaintiff.

**OMB'S COMPETING FOIA LITIGATION PRIORITIES**

19.  Even if plaintiff's two remaining FOIA requests were at the front of the expedited processing queue, OMB has additional competing FOIA priorities in the near term which would make it nearly impossible (if not impossible) to complete processing by March 10.

20.  In addition to plaintiff's lawsuit here, OMB is named as a defendant in approximately 19 additional pending lawsuits making claims under the FOIA. For some of these lawsuits, OMB is awaiting further action either by the court or by codefendant agencies before OMB may be required to devote significant additional attention to them. However, many of these FOIA litigations, all of which predate the filing of plaintiff's lawsuit, impose requirements on OMB which would conflict with a requirement to fully process plaintiff's requests by March 10.

21.  OMB has five pending FOIA litigations for which OMB has been providing or shortly will begin providing monthly rolling productions of records. These litigations are:

   a.  Alaska Oil and Gas Association v. U.S. Dep't of Interior et al, 1:24-cv-2653 (DDC) (request for records pertaining to proposed regulations of the National Petroleum Reserve – Alaska)

   b.  Center for Biological Diversity v. Office of Management and Budget et al, 24-cv-3234 (DDC) (seven requests for records pertaining to proposed regulations related to critical habitat designations of endangered species, and other matters)

    c. <u>Functional Government Initiative v. Office of Management and Budget</u>, 1:24-cv-2572 (DDC) (request for records pertaining to proposed regulations of power plant emissions)

    d. <u>Fluet & Associates, PLLC v. Office of Management and Budget</u>, 1:24-cv-2067 (DDC) (request for records pertaining to U.S. Digital Service involvement in the Internal Revenue Service's "Direct File" program)

    e. <u>VRA Enterprises, LLC d/b/a Precision Rx v. Center for Medicare and Medicaid Services et al</u>, 8:23-cv-2474 (M.D.Fl) (request for records pertaining to the Demonstration, under Medicare Part B, of over-the-counter COVID-19 tests)

22. In addition to these litigations, OMB has two pending litigations in which it is preparing to provide a final response to the requests, but those final responses are still under consideration:

    a. <u>American Oversight v. U.S. Dep't of Energy et al</u>, 1:24-cv-3453 (DDC) (request for records pertaining to delegations of statutory or regulatory authority)

    b. <u>American Oversight v. U.S. National Archives and Records Administration et al</u>, 1:24-cv-3406 (DDC) (request for records pertaining to Reductions in Force)

23. In addition to these litigations, OMB has two fairly new pending litigations for which OMB is still ascertaining the scope of potentially responsive records, if any:

    a. <u>American Oversight v. U.S. Department of Government Efficiency et al</u>, 1:25-cv-409 (DDC) (two requests for certain records of communication involving Elon Musk or others).

    b. <u>Center for Biological Diversity v. Office of Management and Budget</u>, 1:25-cv-165 (DDC) (request for certain records of communication between OMB and the Trump/Vance transition team)

24. Finally, in addition to these litigations, OMB has two litigations requiring substantial attention for other reasons:

   a. <u>Joshua Phillips v Office of Management and Budget</u>, 1:20-cv-2233 (DDC) (three requests for certain records related to preparing for major domestic incidents or pandemics). Although OMB has completed productions, plaintiff has requested an informal Vaughn Index[1] with information about hundreds of discrete withholdings. OMB is currently drafting this to provide to plaintiff.

   b. <u>Richard Orville Torp v. Office of Management and Budget</u>, 1:24-cv-77 (W.D.Mi) (request for certain 83-I forms submitted to the OMB Office of Information and Regulatory Affairs under the Paperwork Reduction Act). OMB has completed productions and is preparing for a Rule 16 status conference on March 4, 2025.

25. In total, aside from this case, there are 11 litigations which make claims under the FOIA, where OMB is a defendant, which are pending OMB action. Each of these 11 cases were filed prior to this case.

26. Aside from litigation priorities and processing expedited requests, OMB continues to have additional recurring short-term legal obligations pursuant to the FOIA. These include, but are not limited to, timely acknowledging incoming requests, adjudicating requests for expedited processing, and processing consultations on records sent to OMB from other agencies. Incoming FOIA consultations frequently relate to FOIA litigations where the outside agency is a named defendant, which therefore may have litigation deadlines requiring short-term OMB attention.

27. Completing the processing of plaintiff's two remaining FOIA requests by March 10 would almost certainly render OMB unable to timely meet its obligations to other FOIA plaintiffs in other

---

[1] Named for the case <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Dir. 1973), a Vaughn Index is an agency's itemization of challenged redactions and the basis of the application of FOIA exemptions, 5 USC 552(b).

cases, including those other plaintiffs who also seek records related to the U.S. Digital Service or the U.S. DOGE Service.

**OMB'S CURRENT STAFFING**

28. OMB OGC is responsible for providing advice to OMB on a wide variety of legal matters relating to OMB activities, including on matters related to the federal budget, significant proposed regulations, and federal procurement policy. OMB OGC is also responsible for processing FOIA requests and managing FOIA litigation. Three Assistant General Counsels are each responsible for at least one of the cases listed above, in addition to other duties.

29. In addition to these attorneys, OMB OGC currently has eight Government Information Specialists who process FOIA requests, including FOIA requests subject to litigation. Unfortunately, six of OMB OGC's Government Information Specialists, the individuals who are responsible for the bulk of processing FOIA requests, both in and out of litigation, are departing OMB this week. This leaves OMB OGC with only two Government Information Specialists working with the three Assistant General Counsels noted above, to cover all of OMB's FOIA operations and FOIA litigation.

30. This substantial reduction in OMB OGC's workforce dedicated to FOIA and FOIA litigation will significantly and adversely affect OMB's FOIA operations, making a March 10 deadline even less attainable that it would otherwise be.

**PROCESSING PLAINTIFF'S REQUESTS**

31. Finally, even if plaintiff's requests were at the front of the expedited processing queue, even if OMB did not have competing litigation deadlines to other plaintiffs, and even if OMB were to continue its current staffing levels, the nature of plaintiff's two pending requests are so broad that it would be impossible to fully complete processing by March 10.

32. To illustrate, 2025-574 seeks (in part), "[a]ll communications between OMB personnel and USDS personnel" "[f]rom November 6, 2024 to the date that this request is processed", and "'USDS' refers to both the United States DOGE Service and the United States Digital Service." Prior to January 20, 2025, the United States Digital Service was a part of OMB, and its employees were therefore also OMB employees. As currently written, <u>every single communication</u> among United States Digital Service employees from November 6, 2025 through January 20, 2025 is responsive to 2025-574.

33. To further illustrate, the same request seeks (in part), "[a]ll documents regarding funding requests or justifications that related to or included USDS operations" "[f]rom January 1, 2014 to January 19, 2025." During the responsive time period (spanning more than a decade and including three Presidential administrations), the United States Digital Service was part of OMB, meaning any document regarding general funding requests for OMB, including predecisional and deliberative documents about what such a request might be, would arguably be a document "regarding funding requests or justifications that related to or included USDS operations." As currently written, <u>every single document</u> related to requesting funding for OMB's general operations, generated over a time period stretching longer than a decade, would be responsive to 2025-574.

34. OMB has not yet assessed the full scope of records potentially responsive to plaintiff's requests. However, as these illustrations demonstrate, fully responding to these requests as written promises to be a massive undertaking. It would require pulling an exceptionally large quantity of records to review for responsiveness, duplicativeness, and releasability under the FOIA. Because the requests seek records back to 2014, it may plausibly require searching for and obtaining records from long-term storage at an off-site Federal Records Center. Because the requests seek some

records related to outside federal agencies, it would require expedited consultation with those outside agencies, many of whom have previously committed to other litigation deadlines themselves. Even if OMB OGC fully stopped work on all other FOIA matters, including litigation, and worked solely on this litigation, the effort required to fully complete such a process by March 10 (fewer than 10 working days from now), even if it could logistically be done, would bring all other OMB FOIA operations, and some non-FOIA operations, to a standstill.

**CONCLUSION**

35.   Based on all of these factors, processing plaintiff's requests on an expedited basis is projected to take approximately 36 to 48 months. Any attempt to process these two requests by March 10 would be tremendously unfair to other requesters and plaintiffs, profoundly disruptive to OMB OGC operations, and potentially simply impossible. I therefore believe that plaintiff's requests should be processed in the normal course of expedited requests.

I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

Executed in Washington, D.C., on this 27th day of February 2025.

*Heather V. Walsh*
Heather V. Walsh
Deputy General Counsel
Office of Management and Budget