# Exhibit B

```
 1                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF COLUMBIA
 2                                 ---

 3     CITIZENS FOR RESPONSIBILITY    )
       AND ETHICS IN WASHINGTON,      )
 4                                    )
                                      )  CIVIL NO. 25-511
 5              Plaintiff,            )
                                      )
 6     v.                             )  Friday, March 7, 2025
                                      )
 7     U.S. DOGE SERVICE, et al.,     )  2:08 p.m. - 3:50 p.m.
                                      )
 8                                    )
                Defendant.            )
 9     _____  )

10                     TRANSCRIPT OF MOTION HEARING

11           BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                    UNITED STATES DISTRICT JUDGE
12                                 ---

13      APPEARANCES:       CITIZENS FOR RESPONSIBILITY AND ETHICS
                              IN WASHINGTON
14                         BY:  JONATHAN MAIER
                                NIKHEL SUS
15                         1331 F Street NW
                           Washington, DC 20004
16                         202-408-5565
                           Email: Jmaier@citizensforethics.org
17
                           For the Plaintiff
18
                           DOJ-Enrd
19                         Civil Division, Federal Programs
                            Branch
20                         1100 L Street NW
                           Washington, DC 20005
21                         202-353-7203
                           Email: Andrew.m.bernie@usdoj.gov
22
                           For the Government
23                                 ---

24      COURT REPORTER:    CHANDRA R. KEAN, RMR
                           Official Court Reporter
25                         333 Constitution Avenue, NW
                           Washington, DC 20001
```

1    think before we start with you, I think it would make
2    more sense for me to get a bit more information from the
3    government about the DOGE request.
4         I know we flagged a couple of issues in our minute
5    order, just to put you on notice that we were interested
6    in that, and that might affect the scope of the issues
7    being discussed.
8              MR. BERNIE:  Certainly, Your Honor, and thanks
9    for -- thanks for giving us notice of those -- of those
10   questions the Court had in advance.
11             THE COURT:  Sure.  And I will refer to it as
12   DOGE as opposed to the other acronym, which sounds --
13   sounds a lot more like other agencies.
14             MR. BERNIE:  I'm used to saying USDS but
15   I'll --
16             THE COURT:  You call it what you will.
17             MR. BERNIE:  But just to address the Court's
18   question as to --
19        (Reporter request for clarification.)
20             MR. BERNIE:  Can you hear me better now?
21        So just to address the USDS or DOGE request, I
22   mean, there has been a relevant development.
23        Last night the Court -- the DOGE made a
24   determination on that request.  DOGE sent an email to
25   plaintiff saying that the request was denied on the

1       grounds that USDS is not an agency subject to FOIA.
2              So from our perspective, USDS will not be
3       processing that request on an expedited basis or
4       otherwise.
5              Those are the facts.  I mean, I'm happy to get into
6       the implications.
7              I mean, we still think the PI should be denied on
8       other grounds, as we said in our motion -- our
9       opposition, independent of that, and that that legal
10      issue should be briefed and decided before any potential
11      processing of documents on USDS' behalf.
12             THE COURT:  Okay.  Well, thank you for that
13      clarification.
14             I mean, so I guess that raises the question as to
15      procedurally speaking how do we -- or how should we tee
16      up that issue.
17             I take it that if I don't grant the PI and we were
18      just to proceed on an expedited processing basis and I
19      ordered DOGE to, you know, process -- you know, based on
20      a conclusion that DOGE was in fact an agency and subject
21      to FOIA, I ordered DOGE to process, you know, X-hundred
22      of records a week or a month as I would in any FOIA
23      request, I take it your response would be that DOGE
24      would not -- would not do that absent some sort of court
25      order on the merits.

1          MR. BERNIE:  Right.  I mean, we would -- we
2  would ask the Court to decide the legal issue first.  I
3  mean, obviously if the Court were to issue a processing
4  order without deciding the legal issue, we obviously
5  recognize that we have to comply with court orders of
6  course.  But we would urge that issue to be decided
7  first.
8       As to the vehicle as to which it decided, I mean,
9  our answer, our response to the complaint, is due
10 March 26th.  Courts have -- courts in this district have
11 sometimes resolved such issues on Rule 12 motions.  We
12 haven't decided yet whether we would make that argument
13 as a basis for a partial motion to dismiss, but it could
14 be teed up in that context.  Depending on how the Court
15 resolves any such motion, it could also be teed up in a
16 motion -- you know, in a motion for summary judgment.
17      I guess our top line --
18          THE COURT:  I guess -- so there are three
19 options, right?  I could, I suppose, grant a PI with a
20 declaration contained in it saying that the Court finds
21 that DOGE is an agency subject to FOIA.
22      That would be appealable.
23          MR. BERNIE:  Correct.
24          THE COURT:  Or we could do it on a 12(b) motion
25 on an expedited basis or a motion for summary judgment

1    other grounds.
2        But the other thing I would say about that is
3    before CREW filed their -- before CREW filed their
4    reply, the -- and purported to narrow the FOIA request,
5    their FOIA request, I mean, we would say were just
6    plainly overbroad given the deadlines they sought.
7        I mean, they sought essentially every communication
8    among USDS employees over a three-month period.  All
9    communications --
10           THE COURT:  Okay.  We'll get there later.
11       I mean, what I'm hearing from you is if from your
12   perspective the DOGE request is off the table because
13   there's been a determination that DOGE is not subject to
14   FOIA, that leaves the other two OMB requests.
15       Prior to narrowing, you told me that it would take
16   you at minimum three years to process that request, even
17   on an expedited basis.  Now that the request has been
18   narrowed, has there been any undertaking by DOGE to
19   estimate when it would be practicable or as soon as
20   practicable under the expedited standard to process
21   those two requests?
22           MR. BERNIE:  Right.  So just to wrap up my
23   answer to the first part of your question first.
24           THE COURT:  Okay.
25           MR. BERNIE:  So I think as Your Honor's

| | |
|---|---|
| 1 | for a preliminary injunction based in part on lack of -- |
| 2 | unlikelihood of success on the merits -- |
| 3 |     MR. BERNIE:  Right. |
| 4 |     THE COURT:  -- right? |
| 5 | And if it were the case that you knew when you |
| 6 | filed that opposition that DOGE was taking the position |
| 7 | that it was not subject to FOIA, wasn't it your |
| 8 | obligation to tell me that that's why they're not going |
| 9 | to succeed on the merits and brief it? |
| 10 |     MR. BERNIE:  No -- well, we cited in the |
| 11 | opposition, and that remains -- and it remains our |
| 12 | position today, which is that we think that the Court |
| 13 | can deny the motion without even addressing that because |
| 14 | they just haven't shown the type of irreparable harm, |
| 15 | and none of the other requirements are met. |
| 16 | My point, though, in just -- my point, though, in |
| 17 | just explaining why I think that the different state of |
| 18 | the request was relevant to our decision when we were |
| 19 | briefing the case, is back when they were requesting |
| 20 | literally every document involving the U.S. DOGE Service |
| 21 | with any agency outside the Executive Office of the |
| 22 | President, every document from the U.S. Digital Service |
| 23 | for a two-and-a-half month period, other extremely broad |
| 24 | categories of documents, it was extremely reasonable, I |
| 25 | think, for us to conclude based on those requests that |

1    it was so clear that they were not entitled to
2    preliminary injunction as to those requests that we
3    did -- that there was no need to separately address that
4    legal issue which we had never addressed before.
5        So they have now, through their reply, set forth
6    basically a completely different set of requests.
7            THE COURT:  Okay.
8            MR. BERNIE:  But just on the merits of it, our
9    position would be when the case is briefed that the
10   functions performed by the U.S. DOGE Service are
11   advisory; that they have no -- that they have no
12   authority independent of the President.  I don't think
13   there's anything in the Executive Order referenced to
14   Executive Order 14158 that formed the U.S. DOGE Service
15   that contradicts that.
16       But in any event, we don't think the Court needs to
17   address that issue to deny the motion.
18           THE COURT:  Okay.  The Court will take the
19   matter under advisement, and we will get something out
20   as soon as we can.
21       I will say that it is likely that the order will
22   include a preservation order, and so we can assume that
23   that order should run from now.  So if you could advise
24   your clients of that as soon as possible, I think that
25   would be helpful.  Okay.