UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br>        Plaintiff,<br><br>v.<br><br>U.S. DOGE SERVICE, *et al.*,<br>        Defendants. | Case No. 1:25-cv-00511 |

**REPLY IN SUPPORT OF**
**DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION AND A PARTIAL STAY OF THIS COURT'S MARCH 10, 2025 OPINION AND ORDER**

    CREW repeatedly asserts throughout its opposition in various ways that USDS "made a strategic decision to withhold certain arguments and evidence in opposing CREW's motion for a preliminary injunction because it assumed the motion would fail on other grounds" and that this "assumption proved incorrect." Opp. at 1. But that characterization is wrong. The motion CREW filed did fail on other grounds—which is no surprise because the arguments CREW advanced in their motion lacked merit. There was simply no reasonable likelihood that a court would agree that CREW was entitled to processing of its sweeping FOIA requests by March 10—there was no risk the requested documents would become stale after that date, the appropriations process is fundamentally unlike the one-time or infrequent events giving rise to date certain preliminary injunctions in other FOIA cases, and CREW failed to establish even a significant connection between the documents it sought and the then-ongoing appropriations process. As to the motion CREW actually filed and the arguments it made, CREW essentially failed entirely, and the Court substantially agreed with the arguments in Defendants' opposition.

    Processing by March 10, moreover, was the only relief CREW sought in its preliminary

1

injunction motion on its FOIA claim. And it was based specifically on an irreparable harm theory this Court unequivocally rejected: that the documents were necessary to Congress's informed consideration of a new bill to fund the Government after the then-current bill expired on March 14. CREW's Opposition confirms the point: "Given DOGE's escalating control over federal functions and employees, members of Congress made clear that they required basic information about DOGE's ongoing and planned activities to responsibly determine how to fund the government." *Id.* at 2.

Notably, CREW does not dispute that it did not actually seek any relief on its FOIA claim other than production of documents by a date certain. CREW insists that the "expedited processing ordered by the Court was a necessary element of the relief sought by CREW." But whether CREW is entitled to expedited processing is a question governed by entirely different standards than those concerning whether it was entitled to a preliminary injunction requiring processing by a date certain, here March 10. If there was no irreparable harm justifying a preliminary injunction by March 10 (which this Court correctly found there was not), there was no basis for CREW's motion. No plausible theory of party presentation or fair notice required USDS to address whether it is an agency and in so doing to anticipate that this Court might grant a different form of relief, governed by different legal standards, based on alleged irreparable harm not tied to the appropriations process or any date certain.

Relatedly, while CREW defends the Court's irreparable harm analysis, it never appears to dispute that this theory (which is based on a generalized public interest in the documents that is not tied to the now-passed appropriations process or any date certain) was *not CREW*'s theory. Irreparable harm is a prerequisite for—and the central basis for—the extraordinary remedy of a preliminary injunction. CREW's motion was thus premised on its theory of irreparable harm

2

specifically tied to the March appropriations process. That theory was predictably rejected. It is fundamentally unfair to expect the government to brief an important legal issue on an emergency timetable in response to an irreparable harm theory that was clearly—and indeed, was found to be—meritless.

As a result of the lack of adversarial briefing on this topic, the Court's analysis is, respectfully, incorrect. It relies significantly on media reports. It does not meaningfully address the multiple Executive Orders and presidential memorandum that delineate USDS's limited and purely advisory responsibilities as a non-statutory entity that reports directly to the White House Chief of Staff. It gave significant weight to a single word in one Executive Order—"implement"—that simply cannot bear the weight the Court ascribed to it and in any event does not come close to aligning USDS with the entities the D.C. Circuit has held are subject to FOIA. And the lone alleged specific power the Court discussed is a delegation *within* agencies and is not in any event a power independent of agency heads.

USDS intends to file its motion for summary judgment tomorrow, as indicated in its motion for reconsideration. USDS does not believe any discovery is needed or appropriate in this case but, following any motion Plaintiffs might file, the Court can decide how to proceed on the motion. USDS is prepared to complete briefing expeditiously, and to tee up the issue for the D.C. Circuit with all dispatch (including agreeing to reasonable expedition of any appeal taken by CREW or authorized by the Solicitor General). But, respectfully, it makes little sense to treat USDS as a FOIA agency and require it to begin compiling and potentially processing records in the context of a denied emergency motion. Reconsideration—or at least a stay until that important legal issue can be meaningfully briefed and decided—is warranted.

Dated: March 18, 2025

Respectfully submitted,

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Andrew M. Bernie*
Andrew M. Bernie
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-7203
andrew.m.bernie@usdoj.gov

*Attorneys for Defendant*