UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br>        Plaintiff,<br><br>   v.<br><br>U.S. DOGE SERVICE, *et al.*,<br>        Defendants. | Case No. 1:25-cv-00511 |

**ANSWER**

Defendants, by and through their undersigned counsel, hereby answer the numbered paragraphs of the complaint of Citizens for Responsibility and Ethics in Washington (CREW) as follows:

1. The first sentence of this paragraph refers to a post on the social media site X, which speaks for itself. Defendants refer the Court to that post for a full and accurate description of its contents. The remainder of this paragraph consists of legal conclusions, to which no response is required. To the extent a response is required, the remainder of this paragraph is denied.

2. The first two sentences of this paragraph consist of legal conclusions to which no response is required. The third sentence of this paragraph consists of legal conclusions to which no response is required but, to the extent a response is required, it is denied. The remainder of this paragraph, subparagraphs (a)-(g), and the accompanying footnotes consist of CREW's description of various news reports. Defendants refer the Court to those news articles for a full and accurate description of their contents except the United States DOGE Service (USDS) denies the remainder of this paragraph, including the sub-paragraphs, to the extent it alleges that USDS is acting contrary to the numerous Executive Orders and presidential memorandum that describes its limited,

1

advisory role.

3. This paragraph is denied insofar as it states that USDS is subject to the requirements of the Freedom of Information Act (FOIA) or the Federal Records Act (FRA). The first sentence of this paragraph is a legal conclusion to which no response is required. The last sentence of this paragraph is CREW's characterization of the FOIA correspondence in this case, to which no response is required, but to the extent a response is required, it is denied to the extent inconsistent with Defendants' responses to the subsequent paragraphs. The remainder of this paragraph consists of CREW's characterization of various federal statutes and a judicial decision. Defendants refer the Court to those sources for a full and accurate description of their contents.

4. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

5. This paragraph consists of CREW's characterization of this action, to which no response is required. To the extent a response is required, Defendants deny that CREW is entitled to the relief requested or any other relief.

6. This paragraph consists of Plaintiff's characterization of the preliminary injunction motion it filed, to which no response is required. To the extent a response is required, Defendants deny that CREW is or was entitled to the preliminary injunctive relief it sought or any other preliminary relief and otherwise deny the allegations in this paragraph (including the characterizations of USDS in this paragraph).

7. This paragraph consists of legal conclusions to which no response is required.

8. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, it is denied.

9. This paragraph consists of legal conclusions to which no response is required.

10. This paragraph consists of CREW's characterization of itself, to which no response is required. To the extent a response is required, Defendants deny this paragraph insofar as it alleges that USDS is subject to FOIA and the FRA and deny it to the extent it otherwise states that USDS is not in compliance with its legal obligations. Defendants otherwise lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. The first sentence of this paragraph is a legal conclusion that does not require a response but, to the extent a response is required, it is denied. The second sentence is admitted. The third sentence is denied insofar as it alleges that USDS is responsible for fulfilling Plaintiff's FOIA requests, because USDS is not an "agency" subject to FOIA. The third sentence is also denied insofar as it alleges that USDS has possession and control of records from the former United States Digital Service.

12. In response to this paragraph, Defendants state that Amy Gleason is the Administrator of USDS and otherwise deny the allegations in this paragraph.

13. The first sentence of this paragraph is admitted. The second sentence of this paragraph is denied.

14. This paragraph consists of legal conclusions to which no response is required.

15. Admitted.

16. Admitted.

17. Admitted.

18. This paragraph purports to describe FOIA. Defendants refer the Court to FOIA for a full and accurate description of the statute's contents.

19. This paragraph purports to describe FOIA. Defendants refer the Court to FOIA for a full and accurate description of the statute's contents.

20. This paragraph purports to describe FOIA. Defendants refer the Court to FOIA for a full and accurate description of the statute's contents.

21. This paragraph purports to describe OMB regulations. Defendants refer the Court to those regulations for a full and accurate description of their contents.

22. This paragraph purports to describe FOIA and certain regulations. Defendants refer the Court to those sources for a full and accurate description of the statute's contents.

23. This paragraph purports to describe FOIA and a judicial decision. Defendants refer the Court to those sources for a full and accurate description of their contents

24. This paragraph purports to describe FOIA. Defendants refer the Court to FOIA for a full and accurate description of the statute's contents.

25. This paragraph purports to describe the FRA. Defendants refer the Court to the FRA for a full and accurate description of the statute's contents.

26. This paragraph purports to describe the FRA. Defendants refer the Court to the FRA for a full and accurate description of the statute's contents.

27. This paragraph purports to describe the FRA. Defendants refer the Court to the FRA for a full and accurate description of the statute's contents.

28. This paragraph purports to describe the FRA and a judicial decision. Defendants refer the Court to those sources for a full and accurate description of their contents.

29. This paragraph purports to describe the FRA. Defendants refer the Court to the FRA for a full and accurate description of the statute's contents.

30. This paragraph purports to describe the FRA, a judicial decision, and regulations. Defendants refer the Court to those sources for a full and accurate description of their contents.

31. This paragraph purports to describe the FRA. Defendants refer the Court to the FRA

for a full and accurate description of the statute's contents.

32. This paragraph purports to describe the FRA. Defendants refer the Court to the FRA for a full and accurate description of the statute's contents.

33. This paragraph purports to describe a judicial decision. Defendants refer the Court to that decision for a full and accurate description of its contents.

34. This paragraph purports to describe various regulations. Defendants refer the Court to those regulations for a full and accurate description of their contents.

35. This paragraph purports to describe the Administrative Procedure Act (APA). Defendants refer the Court to the APA for a full and accurate description of its contents.

36. This paragraph purports to describe the APA. Defendants refer the Court to the APA for a full and accurate description of its contents.

37. This paragraph purports to describe the APA. Defendants refer the Court to the APA for a full and accurate description of its contents.

38. This paragraph purports to describe the APA, the FRA, and a judicial decision. Defendants refer the Court to those sources for a full and accurate description of their contents

39. This paragraph consists of legal conclusions to which no response is required.

40. This paragraph describes a statement by then-President-elect Trump. Defendants refer the Court to that statement for a full and accurate description of its contents.

41. This paragraph describes an article in the Wall Street Journal. Defendants refer the Court to that article for a full and accurate description of its contents.

42. This paragraph describes an article in the Wall Street Journal. Defendants refer the Court to that article for a full and accurate description of its contents.

43. This paragraph characterizes statements from Elon Musk, as quoted in several news

articles. Defendants refer the Court to those articles for a full and accurate description of their contents.

44. Defendants deny this paragraph insofar as it suggests that "DOGE" could begin operating as a governmental component prior to January 20, 2025. This paragraph otherwise characterizes several news articles. Defendants refer the Court to those articles for a full and accurate description of their contents.

45. Defendants deny this paragraph insofar as it suggests that "DOGE" could begin operating as a governmental component prior to January 20, 2025. This paragraph otherwise characterizes several news articles. Defendants refer the Court to those articles for a full and accurate description of their contents.

46. Defendants deny this paragraph insofar as it suggests that "DOGE" could begin operating as a governmental component prior to January 20, 2025. Defendants otherwise state that this paragraph fails to state a fact relevant to CREW's clams for relief. As to the second sentence, Defendants admit that Signal has an auto-delete function but otherwise lack knowledge sufficient to form a belief as to the truth of this sentence.

47. Defendants deny this paragraph insofar as it suggests that "DOGE" could begin operating as a governmental component prior to January 20, 2025. Defendants further deny this paragraph insofar as it suggests that individuals would or could conduct "DOGE" business before January 20, 2025. Defendants otherwise state that this paragraph fails to state a fact relevant to CREW's clams for relief.

48. Admit.

49. Admit.

50. Admit.

51. Deny that Mr. Musk exercises actual control over USDS's functions and operations, deny that he is the Administrator of USDS, and deny that he is operating as the de facto Administrator of USDS. The remainder of this paragraph characterizes a court filing and remarks by President Trump. Defendants refer the Court to those sources for a full and accurate summary of their contents.

52. This paragraph characterizes Executive Order 14158. Defendants refer the Court to that Executive Order for a full and accurate summary of its contents.

53. This paragraph characterizes Executive Order 14158. Defendants refer the Court to that Executive Order for a full and accurate summary of its contents.

54. This paragraph characterizes Executive Order 14158. Defendants refer the Court to that Executive Order for a full and accurate summary of its contents.

55. Admit.

56. This paragraph characterizes Executive Order 14170. Defendants refer the Court to that Executive Order for a full and accurate summary of its contents.

57. This paragraph characterizes a presidential memorandum. Defendants refer the Court to that presidential memorandum for a full and accurate summary of its contents.

58. This paragraph characterizes Executive Order 14210. Defendants refer the Court to that Executive Order for a full and accurate summary of its contents.

59. Denied.

60. Denied and in particular denied insofar as it characterizes activities within an agency and otherwise outside USDS as executed by USDS. This paragraph otherwise characterizes a news article and Defendants refer the Court to that article for a full and accurate description of its contents.

61. This paragraph quotes from and characterizes statements from Mr. Musk and a judicial decision. Defendants refer the Court to those sources for a full and accurate description of their contents.

62. This paragraph quotes from and characterizes news articles and similar sources. Defendants refer the Court to those sources for a full and accurate description of their contents.

63. Defendants deny this paragraph and in particular deny it insofar as it characterizes alleged activities within an agency and otherwise outside USDS as action by USDS. This article otherwise quotes from and characterizes various news articles. Defendants refer the Court to those sources for a full and accurate description of their contents.

64. The first sentence is denied insofar as it suggests that action taken by the Office of Personnel Management (OPM) was action taken by USDS. The remainder of this paragraph characterizes OPM's website and a news article. Defendants refer the Court to those sources for a full and accurate description of their contents.

65. Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS. This paragraph otherwise characterizes several news articles. Defendants refer the Court to those articles for a full and accurate description of their contents.

66. Denied.

67. Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.

68. Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.

69. Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS. The second sentence of this paragraph does not state a claim

relevant to CREW's claims for relief. USDS further states that it does not know what an "individual associated with USDS" means or who it refers to and thus lacks knowledge and information sufficient to form a belief as to the truth of this allegation.

70.     Defendants deny this paragraph in that it characterizes alleged activities within agencies as activities of USDS.

71.     The first sentence of this paragraph quotes a post from Mr. Musk. Defendants refer the Court to that post for a full and accurate description of its contents. The second sentence characterizes a statement. Defendants refer the Court to that statement for a full and accurate description of its contents.

72.     Denied insofar as it suggests that USDS has any authority or powers over federal law enforcement. The allegation that USDS wields unspecified "influence" is too vague to formulate a response.

73.     At this time, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

74.     Defendants deny this paragraph insofar that it characterizes alleged activities within agencies as activities of USDS. Defendants otherwise state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

75.     Denied except to say that this paragraph's allegation that USDS has "influence" over components of the federal government is too vague to formulate a response.

76.     Defendants deny this paragraph insofar that it characterizes alleged activities within agencies as activities of USDS. Defendants otherwise state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

77.     This paragraph characterizes a statement made by Mr. Musk. Defendants refer the

Court to that statement for a full and accurate summary of its contents.

78. This paragraph characterizes allegations in a different lawsuit. Defendants refer the Court to that lawsuit for a complete and accurate descriptions of the allegations made in that lawsuit.

79. Defendants deny the first sentence of this paragraph. The remainder of this paragraph characterizes posts on the social media platform X, and doge.gov. Defendants refer the Court to those sources for a full and accurate description of their content.

80. This paragraph characterizes a post on the social media platform X. Defendants refer the Court to that post for a full and accurate summary of its contents.

81. This paragraph characterizes a post on the social media platform X. Defendants refer the Court to that post for a full and accurate summary of its contents.

82. As to the first sentence of this paragraph, Defendants deny this sentence insofar that it characterizes alleged activities within agencies as activities of USDS. Defendants otherwise state that they lack knowledge or information sufficient to form a belief as to the truth of the allegations in this sentence. The remainder of this paragraph consists of CREW's characterization of a post on the social media platform X. Defendants refer the Court to that post for a full and accurate summary of its contents.

83. This paragraph consists of legal conclusions to which no response is required but, to the extent a response is required, it is denied.

84. The first sentence of this paragraph is denied. The remainder of this paragraph consists of CREW's characterization of various statements by President Trump. Defendants refer the Court to those statements for a full and accurate description of their contents.

85. This paragraph consists of CREW's characterization of various statements by

President Trump. Defendants refer the Court to those statements for a full and accurate description of their contents.

86. The first sentence of this paragraph is denied. The remainder of this paragraph consists of CREW's characterization of various statements by White House Press Secretary Karoline Leavitt. Defendants refer the Court to those statements for a full and accurate description of their contents.

87. This paragraph consists of CREW's characterization of various statements by Mr. Musk. Defendants refer the Court to those statements for a full and accurate description of their contents.

88. Admit except Defendants refer the Court to the underlying FOIA request for a full and accurate description of its contents.

89. Admit.

90. Admit except deny that CREW submitted that USDS Request "to USDS" and Defendants refer the Court to the underlying FOIA requests for a full and accurate description of their contents.

91. Admit.

92. Admit.

93. Admit.

94. Admit.

95. Admit.

96. Admit that CREW is accurately characterizing its February 7 letter but deny that the requested records were in fact necessary for an informed engagement with the then-pending appropriations process.

97. The last sentence of this paragraph is denied. The remainder of this paragraph consists of characterizations of various statements from members of Congress and Mr. Musk. Defendants refer the Court to those statements for a full and accurate description of their contents.

98. Defendants admit that CREW in fact sent the letter described in this paragraph, but otherwise deny the allegations in this paragraph.

99. Admit that CREW sent the letter described in this paragraph but deny that the records sought were in fact "critical for the American public to have an informed engagement with the appropriations process."

100. Admit.

101. Admit.

To the extent the unnumbered heading between paragraphs 101 and 102 requires a response—"Defendants' Failure to Address the Threatened Loss of USDS Records"—it is denied.

102. Admit that CREW sent the letter described in this paragraph but otherwise deny the allegations in this paragraph.

103. Admit.

104. Admit that CREW sent the letter described in this paragraph but otherwise deny the allegations in this paragraph.

105. Admit.

106. Admit.

107. Defendants incorporate by reference their responses to the preceding paragraphs.

108. Deny that USDS is an agency subject to FOIA and on that basis deny the allegations in this paragraph as to USDS. As to OMB, admit except as to the term "properly," which is a legal conclusion that does not require a response.

109. Admit.

110. As to USDS, deny that USDS is an agency subject to FOIA and on that basis deny the allegations in this paragraph as to USDS. As to OMB, deny.

111. Deny.

112. Deny.

113. This paragraph consists of legal conclusions to which no response is required.

114. Defendants incorporate by reference their responses to the preceding paragraphs.

115. As to USDS, deny. As to OMB, this paragraph consists of legal conclusions to which no response is required.

116. This paragraph is denied to the extent it contends that USDS is an agency subject to the FRA. This paragraph otherwise consists of legal conclusions to which no response is required.

117. Denied.

118. Denied, except Defendants admit that this paragraph accurately describes Plaintiff's contentions in the cited letters.

119. Defendants admit that they have taken no remedial actions specifically in response to Plaintiff's request.

120. Admit, except denied to the extent this paragraph alleges that Defendants were in fact required to initiate an FRA enforcement action.

121. In response to this paragraph, Defendants OMB and USDS state that they are unaware of any "deleted records," and otherwise deny this paragraph. NARA lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

122. This paragraph consists of legal conclusions to which no response is required. To

the extent a response is required, denied.

123. Defendants incorporate by reference their responses to the preceding paragraphs.

124. Denied.

125. Denied.

126. Denied.

127. This paragraph consists of legal conclusions to which no response is required. To the extent a response is required, denied.

128. Denied.

The remaining paragraphs consist of CREW's Prayer for Relief. In response, Defendants deny that CREW is entitled to the relief requested or any relief.

## DEFENSES

1. USDS is not an "agency" that is subject to FOIA or the FRA.

2. CREW is not entitled to information that is exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

3. Defendants' actions or inactions did not violate FOIA, the FRA, or any other statutory or regulatory provision.

.

Dated: March 26, 2025                              Respectfully submitted,

Respectfully submitted,

                                                            YAAKOV M. ROTH
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Andrew M. Bernie*

Andrew M. Bernie
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-7203
andrew.m.bernie@usdoj.gov

*Attorneys for Defendant*