# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DOGE SERVICE, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-511 |

**PLAINTIFF'S [PROPOSED] FIRST DISCOVERY REQUESTS**

Pursuant to Federal Rule of Civil Procedure 26, 33, 34, and 36, and Local Civil Rule 26.2, Defendants U.S. DOGE Service and the Administrator of the U.S. DOGE Service are requested to answer and respond to the following interrogatories, requests for admission, and requests for production (collectively, the "Discovery Requests") propounded by undersigned counsel for Plaintiff Citizens of Responsibility and Ethics in Washington ("CREW") separately and fully, in writing, under oath, to the best of your ability from knowledge you are able to obtain from any and all sources available to you, your agents, or your attorneys, and respond to these discovery requests as follows:

- Serve written responses and any objections to these Discovery Requests within 7 days of the Court's order granting discovery;

- Produce all responsive documents to Plaintiffs' request for production within 14 days of the Court's order granting discovery; and

- Complete all depositions within 10 days from the deadline for producing documents.

**INSTRUCTIONS**

1. These instructions and definitions apply to each of the Discovery Requests and should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys.

2. It is intended that the following Discovery Requests will not solicit any information protected either by the attorney/client privilege or work product doctrine which was created or developed by counsel for the responding party after the date on which this litigation was commenced.

3. These Discovery Requests are continuing in character, so as to require that supplemental answers be filed if further or different information is obtained with respect to any request, and documents and tangible things sought by these requests that you obtain or discover after you serve your answers must be produced to counsel for Plaintiff by supplementary answers or productions.

4. No part of a Discovery Request should be left unanswered merely because an objection is interposed to another part of the request. If a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

5. With respect to document requests, requests extend to all documents in your possession, custody or control, or of anyone acting on your behalf. A document is in your possession, custody or control if it is in your physical custody or if it is in the physical custody of any other person and you:

    a. own such document in whole or in part;

    b. have a right, by contract, statute or otherwise, to use, inspect, examine, or copy such document on any terms;

    c. have an understanding, express or implied, that you may use, inspect, examine or copy such document on any terms; or

    d. have, as a practical matter, been able to use, inspect, examine, or copy such document when you sought to do so.

6. The documents produced in response to these requests shall be (i) organized and designated to correspond to the categories in these requests, or (ii) produced as they are maintained in the normal course of business.

7. If a document called for by these requests has been destroyed, lost, discarded, or otherwise disposed of, identify such document as completely as possible including, without limitation, the following information: author(s), recipient(s), sender(s), subject matter, date prepared or received, date of disposal, manner of disposal, reason for disposal, person(s) authorizing the disposal, person(s) having knowledge of the disposal and person(s) disposing of the document.

8. In the event that more than one copy of a document exists, produce every copy on which there appears any notation or marking of any sort not appearing on any other copy, or any copy containing attachments different from any other copy.

9. Produce all documents in their entirety, without abbreviation or redaction, including both front and back thereof and all attachments or other matters affixed thereto.

10. Pursuant to Rule 33(b)(2)(B), Rule 34(b)(2)(B), and Rule 36(a)(5), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to Rule 33 and Rule 34, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

11. Pursuant to Rule 33(b)(2)(B), Rule 34(b)(2)(C), and Rule 36(a)(5) an objection must state whether any responsive information or materials are being withheld on the basis of that objection.

12. Whenever in these requests you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

    a. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.

    b. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 4.A, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue burden or cost.

13. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

14. In accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or request for admission or part thereof, and information is not provided on the basis of such assertion:

3

    a. In asserting the privilege, the responding party shall, in the objection to the interrogatory or request for admission, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

    b. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

        i. For oral communications:

            1. the name of the person making the communication and the names of persons present while the communication was made, and, where not apparent, the relationship of the persons present to the person making the communication;

            2. the date and place of the communication; and

            3. the general subject matter of the communication.

        ii. For documents:

            1. the type of document,

            2. the general subject matter of the document,

            3. the date of the document, and such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

15. If, in answering these Discovery Requests, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

16. Nothing in these Discovery Requests should be construed to apply to the President of the United States or direct communications with the President.

## **DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Discovery Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. *DOGE*: The term "DOGE" refers collectively to (1) Defendant United States DOGE Service, established by Executive Order 14158, "Establishing and Implementing the President's 'Department of Government Efficiency,'" on January 20, 2025; (3) the U.S. DOGE Service Temporary Organization ("DOGE Temporary Organization") described in Executive Order 14158; and (3) any agent, unit, or component of the foregoing.

2. *Administrator:* The term "Administrator" means any person appointed to be the Administrator of the United States DOGE Service as established in Executive Order 14158, including any person appointed to that position on a temporary, interim, or acting basis.

3. *Federal agency*: The term "federal agency" refers to any entity of the United States government, whether executive, legislative, or judicial.

4. *Communication:* The term "communication" means the transmittal of information by any means.

5. *Document:* The terms "document" and "documents" are synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and include, but are not limited to, electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document." *However*, for purposes of these requests only, while the term "document" includes electronically stored information, it does not, unless the specific request indicates otherwise, include emails, text messages, or any similar electronically exchanged communication, except that documents should not be excluded from your response merely because they may be otherwise attached to such communications.

6. *DOGE Team*: The term "DOGE Team" is synonymous in meaning and equal in scope to the term "DOGE Team" in Executive Order 14158.

7. *Employee*: The term "employee" means any person who is authorized to perform or actually performs work on behalf of any entity or agency–including, for the avoidance of doubt, DOGE–regardless of their formal employment classification, whether they are a detailee from another agency, or are providing services on a volunteer basis. The term includes any employee who is detailed or employed elsewhere, so long as that employee continues in any role in the agency in which they are an employee. The term also includes the actual or de facto leader of an entity or agency (e.g., the DOGE Administrator is an "employee" of DOGE).

8. *Federal record:* The term "federal record" is synonymous in meaning and equal in scope to the term "record" in 44 U.S.C. § 3301.

9. *Identify (with respect to persons)*: When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. If telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

10. *Identify (with respect to documents):* When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document;

5

and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

11. *Location*: The term "location" means, for electronic documents and communications, the device, server, or medium on which those documents and communications are stored or maintained, as well as where any such device, server, or medium can be found. For documents in non-electronic form, the term "location" means where and in whose possession the documents can be found.

12. *Person*: The term "person" means any natural person or any business, legal or governmental entity or association, or their agents. Requests seeking the identification of a "person" seek the person's name.

13. *Relating to:* The term "relating to" means concerning, referring to, describing, evidencing, or constituting.

14. *You/Your:* The terms "You" or "Your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

15. The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all;" "any" means "any and all."  "Including" means "including but not limited to."  "And" and "or" encompass both "and" and "or."  Words in the masculine, feminine, or neuter form include each of the other genders.

16. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS U.S. DOGE SERVICE AND ADMINISTRATOR OF THE U.S. DOGE SERVICE**

**INTERROGATORY NO. 1:** Identify all current and former employees of DOGE and members of DOGE Teams and, for each such person, the dates of their employment, their positions, whether they are paid, to whom they directly report, whether they are employed by DOGE, the DOGE Temporary Organization, or a federal agency, under whose authority they were hired or their volunteer services accepted, and whether they have independent access to DOGE office space in the Eisenhower Executive Office Building.

**RESPONSE:**

**INTERROGATORY NO. 2:** Identify any current or former employees of DOGE who have been detailed to other federal agencies or have simultaneously been employees of DOGE and a federal agency, and, for each such employee, the agencies to which they have been detailed or by which they have simultaneously been employed, their positions and duties at those agencies, and any duties they have retained at DOGE during their detail or simultaneous employment.

**RESPONSE:**

**INTERROGATORY NO. 3:** Identify each Administrator since January 20, 2025, the dates during which each person held that position, whether they interviewed for that position, with whom they interviewed, and who first informed them that they had been appointed to that position.

**RESPONSE:**

**INTERROGATORY NO. 4:** Identify all persons who oversee, supervise, or exercise authority over the conduct of DOGE employees, DOGE Teams, or any affiliates thereof, and how they do so, including any dedicated staff or systems to facilitate such oversight, any recurring reports that DOGE employees and DOGE Team members are required to submit, and any DOGE employees who are exempt from those systems or reports. As part of this response, identify all persons who have the authority to hire, terminate, or detail DOGE employees, or who have actually taken such actions, since January 20, 2025.

**RESPONSE:**

**INTERROGATORY NO. 5:** Identify each federal agency contract, grant, lease, or similar instrument that any DOGE employee or DOGE Team member directed federal agencies to cancel or rescind since January 20, 2025.

**RESPONSE:**

**INTERROGATORY NO. 6:** Identify each federal agency contract, grant, lease, or similar instrument that any DOGE employee or DOGE Team member recommended that federal agencies cancel or rescind since January 20, 2025, and whether that recommendation was followed.

**RESPONSE:**

**INTERROGATORY NO. 7:** Identify each federal agency employee or position that any DOGE employee or DOGE Team member directed federal agencies to terminate or place on administrative leave since January 20, 2025.

**RESPONSE:**

**INTERROGATORY NO. 8:** Identify each federal agency employee or position that any DOGE employee or DOGE Team member recommended federal agencies terminate or place on administrative leave since January 20, 2025 and whether that recommendation was followed.

**RESPONSE:**

**INTERROGATORY NO. 9:** Identify each federal agency database or data management system to which, since January 20, 2025, any DOGE employee has attempted to gain, has planned to gain, or plans to gain access, and whether access was obtained.

**RESPONSE:**

**INTERROGATORY NO. 10:** Describe all instances in which any DOGE employee told an employee of a federal agency that the DOGE employee would or could call law enforcement in response to the other employee's conduct, including who made such statement, the federal agency and conduct of the federal agency employee at issue, the law enforcement entity referenced, and, if the law enforcement was called, who made the call and law enforcement's response.

**RESPONSE:**

**INTERROGATORY NO. 11:** Identify whether any DOGE employee or DOGE Team member has used or presently uses non-official messaging systems or applications with auto-delete functionality, including but not limited to Signal, to conduct government business.

**RESPONSE:**

**INTERROGATORY NO. 12:** Identify all persons who are or who have posted or authored posts to the @DOGE X account since January 20, 2025.

**RESPONSE:**

**INTERROGATORY NO. 13:** For each Request for Admission served concurrently with these interrogatories, explain the basis for Defendants' response, including the basis of any partial or full denial, for any request not fully admitted.

**RESPONSE:**

# PLAINTIFF'S FIRST REQUESTS FOR ADMISSION
# TO DEFENDANTS U.S. DOGE SERVICE AND ADMINISTRATOR OF THE U.S. DOGE SERVICE

**REQUEST FOR ADMISSION NO. 1:** Admit that since January 20, 2025, DOGE employees have directed federal agencies to cancel contracts, grants, or leases.

     Admit: _____        Deny: _____

**REQUEST FOR ADMISSION NO. 2:** Admit that since January 20, 2025, DOGE employees have recommended that federal agencies cancel contracts, grants, or leases.

     Admit: _____        Deny: _____

**REQUEST FOR ADMISSION NO. 3:** Admit that since January 20, 2025, DOGE Team members have directed federal agencies to cancel contracts, grants, or leases.

     Admit: _____        Deny: _____

**REQUEST FOR ADMISSION NO. 4:** Admit that since January 20, 2025, DOGE Team members have recommended that federal agencies cancel contracts, grants, or leases.

     Admit: _____        Deny: _____

**REQUEST FOR ADMISSION NO. 5:** Admit that since January 20, 2025, DOGE employees have directed changes in the employment status of employees of federal agencies.

     Admit: _____        Deny: _____

**REQUEST FOR ADMISSION NO. 6:** Admit that since January 20, 2025, DOGE employees have recommended changes in the employment status of employees of federal agencies.

     Admit: _____        Deny: _____

**REQUEST FOR ADMISSION NO. 7:** Admit that since January 20, 2025, DOGE Team members have directed changes in the employment status of employees of federal agencies.

     Admit: _____        Deny: _____

**REQUEST FOR ADMISSION NO. 8:** Admit that since January 20, 2025, DOGE Team members have recommended changes in the employment status of employees of federal agencies.

     Admit: _____        Deny: _____

**REQUEST FOR ADMISSION NO. 9:** Admit that since January 20, 2025, DOGE Team members have directed federal agencies to keep open vacancies in career positions.

     Admit: _____        Deny: _____

**REQUEST FOR ADMISSION NO. 10:** Admit that since January 20, 2025, DOGE Team members have recommended that federal agencies keep open vacancies in career positions.

    Admit: _____          Deny: _____

**REQUEST FOR ADMISSION NO. 11:** Admit that since January 20, 2025, the Office of Management and Budget has apportioned over $41 million to the "United States DOGE Service" account.

    Admit: _____          Deny: _____

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS U.S. DOGE SERVICE AND ADMINISTRATOR OF THE U.S. DOGE SERVICE**

**REQUEST NO. 1:** All Interagency Agreements or Memoranda of Understanding, from January 20, 2025 to the present, between DOGE and federal agencies.

**REQUEST NO. 2:** All Visitor Access Requests, from January 20, 2025 to the present, concerning any DOGE employee detailed to, otherwise working at, or accessing the offices of, federal agencies.

**REQUEST NO. 3:** All general terms and conditions invoices, commonly referred to as G-invoices, concerning DOGE-related work performed from January 20, 2025 to the present.

**REQUEST NO. 4:** All timekeeping records for any DOGE employee or DOGE Team member reflecting DOGE-related work.

**REQUEST NO. 5:** All final directives, or announcements of final directives, from any DOGE employee to any DOGE Team or federal agency, including such directives or announcements made by electronic messages such as email, signal message, X direct message, or text message.

**REQUEST NO. 6:** All final directives, or announcements of final directives, from any DOGE Team to any federal agency, including such directives or announcements made by electronic messages such as email, signal message, X direct message, or text message.

**REQUEST NO. 7:** All entity-wide final directives, or announcements of final directives, sent by any current or former Administrator to any DOGE employee or DOGE Team member since January 20, 2025, including such directives or announcements made by electronic messages such as email, signal message, X direct message, or text message.

**REQUEST NO. 8:** Any documents formalizing DOGE's organization, structure, reporting lines, operational units or divisions, or authority with respect to federal agencies.

**REQUEST NO. 9:** Any mission statement, memorandum, guidance, or other final records delineating the scope of DOGE's or any DOGE Team's authorities, functions, or operations.

**REQUEST NO. 10:** All announcements to any DOGE employee or DOGE Team regarding the appointment or departure of any Administrator from January 20, 2025 to the present, including such announcements made by electronic messages such as email, signal message, X direct message, or text message.

**REQUEST NO. 11:** All documents, including responses, produced in response to Plaintiff States' First Set of Written Discovery in *New Mexico v. Musk*, No. 1:25-cv-429 (D.D.C. filed February 13, 2025), and the consolidated case *Japanese American Citizens League v. Musk*, 1:25-cv-643 (D.D.C. filed Mar. 5, 2025), including copies of Defendants' answers to all requests for production, interrogatories, and requests for admission, including objections, as well as any exhibits, attachments, logs, files, or other things produced in response to Plaintiff States' requests in that case, as well as any deposition transcripts produced.

**REQUEST NO. 12:** All documents, including responses, produced in response to Plaintiff States' First Set of Written Discovery in *AFL-CIO v. Department of Labor*, No. 1:15-cv-339 (D.D.C. filed Feb. 5, 2025), including copies of Defendants' answers to all requests for production, interrogatories, and requests for admission, including objections, as well as any exhibits, attachments, logs, files, or other things produced in response to Plaintiffs' requests in that case, as well as any deposition transcripts produced.

**REQUEST NO. 13:** All "direct messages" sent by the @DOGE X account relaying any final directives to a federal agency from January 20, 2025 to the present.

**REQUEST NO. 14:** All documents describing DOGE's record retention and preservation policies, including those relating to the @DOGE X account.

**DEPOSITIONS**

Plaintiff seeks the depositions of the following DOGE employees:

- Amy Gleason

- Steven Davis

Plaintiff also seeks a deposition of DOGE under Fed. R. Civ. P. 30(b)(6) on the following topics:

1. DOGE's establishment, mission, responsibilities, personnel, leadership structure, authorities, and decision-making and reporting structure (including the relationship of DOGE to DOGE Teams and DOGE employees detailed to or otherwise working at or with federal agencies and the relationship of DOGE Teams to federal agencies) between January 20, 2025 and the date of deposition.

2. The scope of DOGE's and DOGE Teams' authority with regard to federal agencies, and actions DOGE or DOGE Teams have actually undertaken with regard to federal agencies, between January 20, 2025 and the date of deposition.

3. The role and responsibilities of all DOGE employees detailed to or otherwise working at or with federal agencies, or having supervisory authority over DOGE employees detailed to or otherwise working at or with federal agencies, between January 20, 2025 and the date of deposition, including their titles at DOGE and any federal government entity; their responsibilities at federal agencies, DOGE, and any other federal government entities to which they have been detailed and/or otherwise assigned; their authority with regard to other federal agency staff; the supervision of said DOGE employees; and the policies, procedures, and protocols pertaining to their detailing to and activities at other federal agencies.

4. DOGE's budget, resources, funding, and expenditure of federal funds.

5. DOGE's recordkeeping and retention policies and practices.