UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br>           Plaintiff,<br><br>     v.<br><br>U.S. DOGE SERVICE, *et al.*,<br>           Defendants. | Case No. 1:25-cv-00511 |

**JOINT STATUS REPORT**

In accordance with the Court's Order dated March 10, 2025, Defendant Office of Management and Budget (OMB) and Citizens for Responsibility and Ethics in Washington (CREW) (collectively, the Parties[1]) submit the following joint status report:

1. The parties have conferred to discuss potential steps to help streamline processing and to enable narrowing of CREW's FOIA requests to OMB. Those discussions are continuing. The parties have also discussed a schedule for rolling production of responsive documents.

2. While the parties are working together collaboratively to streamline processing and production, the parties disagree on the appropriate monthly processing rate for OMB. The parties' respective positions are set out below.

***OMB's Position on Processing Rate***

3. OMB respectfully respects that it be directed to process 500 pages per

---

[1] Defendant United States DOGE Service (USDS) has moved for summary judgment and is not part of this status report. A status report concerning the FOIA request directed to USDS is due next week.

1

month—with flexibility to make up a potential shortfall in one month by processing a greater number of pages the following month. Courts in this district have repeatedly ordered similar processing schedules. *See, e.g.*, *Nat'l Sec. Couns. v. U.S. Dep't of Just.*, 848 F.3d 467, 471–72 (D.C. Cir. 2017) (stating that agency policy of processing 500 pages per month "ultimately provides more pages to more requesters," "avoid[s] situations in which a few, large queue requests monopolize finite processing resources," and "serves to promote efficient responses to a larger number of requesters"); *Middle E. F. v. U.S. Dep't of Homeland Sec.*, 297 F. Supp. 3d 183, 185–87 & n.3 (D.D.C. 2018) (approving agency's 500-pages-per-month processing rate over plaintiff's urging that a doubled rate was necessary to avoid production delays; noting that, "[i]n a number of recent cases in this District, a production rate of 500 pages per month has been approved"; and collecting cases); *Colbert v. FBI*, 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018) (approving agency's processing rate of 500 pages per month over plaintiff's objection that such a rate would delay productions, noting that "courts often give deference to the agency's release policies").

4.   OMB's proposal is particularly appropriate given its significant competing FOIA demands and limited resources. As explained in the declaration accompanying Defendants' opposition to Plaintiff's preliminary injunction motion (Walsh Decl.), OMB expedited processing for approximately 35 FOIA requests prior to receiving any of Plaintiff's requests for expedited processing. Walsh Decl. ¶ 17. There is also numerous other litigations involving FOIA Requests directed to OMB in which OMB is a defendant. *Id.* ¶¶ 20-25. OMB also has continuing FOIA obligations apart from processing documents, including but not limited to timely acknowledging incoming requests, adjudicating

requests for expedited processing, and processing consultations on records sent to OMB from other agencies. *Id.* ¶ 26. Further, OMB currently has only two Government Information Specialists, along with three Assistant General Counsels, to cover all of OMB's FOIA operations and FOIA litigation. *Id.* ¶ 29. Given these considerations, OMB cannot process more than 500 pages in a month in this case, without disrupting its FOIA queue—including expedited requests that are ahead of CREW's in the queue—and potentially compromising the quality of its work. OMB respectfully submits that this proposal is consistent with the Court's prior orders in this case, including its order granting a preliminary injunction. The Court directed USDS to process the FOIA request directed to it on an expedited basis but did not direct any injunctive relief against OMB—and indeed, OMB has already granted expedited processing to the OMB Requests.

5.     This Court should reject CREW's request to order OMB to process documents at a rate 14 times higher. CREW references the length of time it would take to complete processing at this rate. OMB will work in good faith with CREW to identify the records that most interest CREW, and to attempt to obtain CREW's agreement on reasonable steps to reduce the scope of its requests. But the significant projected length of time it will take to fully process the requests is attributable to the number of records responsive to CREW's request.[2] CREW should not be permitted to leverage the breadth of its own requests to demand a correspondingly onerous processing schedule which could be complied with only at the expense of other requestors in front of CREW in the queue, and at the expense of OMB's other FOIA obligations. OMB does not dispute that some of the

---

[2] OMB currently identifies 158,587 documents—and approximately 269,007 pages—as potentially responsive to the FOIA Requests to it, as narrowed in Plaintiff's reply in support of its motion for a preliminary injunction.

documents CREW seeks are of public interest, and it granted expedited processing. But CREW's reference to the public's supposed "urgent need for the documents at issue" from OMB is at best highly exaggerated given significant public and media attention already directed towards USDS's operations. In any event, the grant of expedited processing entitles CREW to have its requests prioritized over the many more non-expedited requests; it does not entitle CREW to a processing schedule that would monopolize OMB's finite processing resources.

***CREW's Position on Processing Rate***

6. CREW respectfully requests that the Court order OMB to process 7,000 pages per month. OMB's processing rate must be driven by the facts and the public's urgent need for the documents at issue. The Court issued its preliminary injunction because it recognized that CREW and the public will suffer irreparable harm if they are denied timely access to documents relating to USDS, given the extreme public interest in—and unprecedented pace, nature, and secrecy of—USDS's operations. *See* 3/10/2025 Mem. Op. at 31-34, ECF No. 18. OMB itself granted expedited processing in recognition of the urgency of CREW's request. OMB's reference to "significant public and media attention already directed towards USDS's operations" does not undermine but rather bolsters the urgency of informing this public debate with the requested documents, particularly since media reports are no substitute for verified government records produced through FOIA A processing rate of 7,000 pages per month is necessary, appropriate, and proportional to the rates ordered in similar, though less urgent, circumstances.

7. For example, in *Clemente v. Fed. Bureau of Investigation*, where the court recognized the "importance" of the requester's work and need for the documents and the

4

"limited time" in which the documents would be most valuable, the court agreed with the plaintiff that a processing rate of 5,000 pages per month was "reasonable." 71 F. Supp. 3d 262, 269 (D.D.C. 2014); *see also Nat. Res. Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41, 42-43 & n.5 (D.D.C. 2002) (ordering processing of "vast majority of" 7,584 pages in a month where requested documents were of "enormous [public] concern"); *Judicial Watch, Inc. v. Dep't of Energy*, 191 F. Supp. 2d 138, 140-41 (D.D.C. 2002) (9,000 pages in two months); *Open Soc'y Just. Initiative v. CIA*, 399 F. Supp. 3d 161, 162 (S.D.N.Y. 2019) (ordering processing rate of 5,000 pages per month where "the instant FOIA request concerns a matter of exceptional public importance and obvious and unusual time-sensitivity"); *see also ACLU of S. Ca. v. ICE*, 705 F. Supp. 3d 1077, 1090-92 (C.D. Cal. 2023) (surveying cases on processing rates).

8. With its proposed schedule of 500 pages per month, OMB falls very far short of meeting its obligation to process these documents "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), proposing a schedule that would not even suffice in response to a non-expedited FOIA request and that would drag out production by literal decades, effectively nullifying FOIA and OMB's grant of expedited processing. OMB's proposed schedule of 500 pages per month is comparable to the proposal in *Negley v. U.S. Dep't of Just.*, where the Court approved the same processing rate in accordance with the FBI's usual policy, but expressly noted that this less burdensome rate was permissible specifically *because*, unlike here, expedited processing was not warranted in that case. 305 F. Supp. 3d 36, 46-47 (D.D.C. 2018).

9. The cases cited above by OMB are inapposite for precisely that reason—none involved a grant of expedited processing. *Middle E. F. v. DHS*, 297 F. Supp. 3d 183,

186 (D.D.C. 2018), expressly noted that "Plaintiff has not shown here that Defendant can or should process documents at a rate faster than 500 per month. For example, it has not asserted that it is entitled to expedited processing under FOIA or its implementing regulations." *Colbert v. FBI*, 2018 WL 6299966, at *3 (D.D.C. Sept. 3, 2018), quoted *Negley* for the holding that "the Court sees no basis to expedite release." Here, in contrast, the Court and OMB itself recognize that expedition is warranted.

10.     OMB claims that its inability to maintain adequate FOIA staff should justify interminable delay, but any delay—and especially one of OMB's making—must be measured against its statutory duty and the public's interest in timely access. "The statute's commands can only be stretched so far to fit the needs of the agency; ultimately the agency must find a way to conform to the statute's mandates." *Nat. Pub. Radio, Inc. v. U.S. Dep't of Treasury*, 2019 WL 12262726, at *2 (D.D.C. Aug. 23, 2019) [hereinafter *NPR*] (ordering review of documents "at a rate of 3,000 documents per month"); *see also Elec. Privacy Info. Ctr. v. FBI*, 933 F. Supp. 2d 42, 50 (D.D.C. 2013) ("The FBI is involved in other litigation regarding FOIA requests, but the FBI's representations in those cases belie its claim that its workload is vastly greater than what Congress anticipated such that it should only be required to process 1,500 pages relating to EPIC's request per month.").

11.     OMB estimates that it has 158,587 potentially responsive documents, totaling approximately 269,007 pages, which means at a rate of 500 pages per month it will take close to **45 years** before completion of processing. As the Court noted in *NPR* with respect to a request that warrants expedited processing, even "[a] schedule that results in production over the next two-to-twelve years . . . is unreasonable under these circumstances," and ordered a 17-month processing period. 2019 WL 12262726, at *2. A

production period close to 45 years is patently unreasonable for an urgent request. Here, processing 7,000 pages per month would mean a processing period of more than 3 years, "still a long time to wait," and more than "reasonable in light of the circumstances of this case." *Id.*

12. To the extent that OMB claims it lacks sufficient resources to comply with its statutory obligations, the Court can order OMB "to augment, temporarily or permanently, its review resources, human and/or technological" because a "heightened commitment of resources is warranted for this particular FOIA request." *Open Soc'y Just. Initiative*, 399 F. Supp. 3d at 167, 169 ("The Court was aware when it originally ordered a 5,000-page-per-month processing rate that this directive would require the State Department either to divert resources from other FOIA requests or to mobilize additional resources.").

13. Moreover, as outlined above, the parties are committed to working together to streamline OMB's processing efforts, including by using deduplication processes that could substantially narrow the universe of potentially responsive records. See ECF No. 25 (OMB "caution[ing]" that its volume estimate is "preliminary" and that it has "not yet been able to conduct a review for … "duplication"). So OMB's claims of burden may well be premature and overstated.

Dated: March 28, 2025                                    Respectfully submitted,


                                                         YAAKOV M. ROTH
                                                         Acting Assistant Attorney General

                                                         ELIZABETH J. SHAPIRO

Deputy Branch Director

*/s/ Andrew M. Bernie*
Andrew M. Bernie
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
(202) 353-7203
andrew.m.bernie@usdoj.gov

*Attorneys for Defendant*

*/s/ Nikhel S. Sus*
Nikhel S. Sus (D.C. Bar No. 1017937)
Jonathan E. Maier (D.C. Bar No. 1013857)
Donald K. Sherman (D.C. Bar No. 90031810)
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, D.C. 20044
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org
jmaier@citizensforethics.org
dsherman@citizensforethics.org

*Attorneys for Plaintiff*