UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br>          Plaintiff,<br><br>     v.<br><br>U.S. DOGE SERVICE, *et al.*,<br>          Defendants. | Case No. 1:25-cv-00511 |

**JOINT STATUS REPORT**

In accordance with the Court's Order dated March 19, 2025, Defendant United States DOGE Service (USDS) and Citizens for Responsibility and Ethics in Washington (CREW) (collectively, the Parties) submit the following joint status report:

1.    The Court's March 19 order directed Defendants "to file a status report by March 27, 2025 setting forth the estimated number of documents responsive to the USDS Request" and the Parties to file a joint status report "proposing a schedule for expedited processing and rolling production of responsive records should the Court deny USDS's forthcoming summary judgment motion." ECF No. 23.

2.    After the Court entered its order, also on March 19, USDS filed its motion for summary judgment. ECF No. 24. On March 27, CREW filed a motion for expedited discovery pursuant to Federal Rules of Civil Procedure 56(d) and 26, and the Court's March 19 order. ECF No. 27. The Court that day directed the parties to meet and confer regarding the scope of CREW's requested discovery and, if disputes remain, directed Defendants to file a response by April 3. Also on March 27, USDS filed its Notice of Preliminary Volume Estimate in accordance with the Court's March 19 order providing,

1

subject to reviews for responsiveness and deduplication and its position that it is not an agency subject to FOIA, a preliminary volume estimate of approximately 58,000 documents. ECF No. 28.

3. On April 1, CREW filed a motion to stay briefing on the motion for summary judgment while the Court addresses the discovery motion, which itself sought to stay briefing until the discovery sought by CREW is completed. ECF No. 24. Defendants did not object to the motion provided that USDS will not be required to produce any records in response to the FOIA Request directed to USDS while its motion for summary judgment is pending. *Id.* The Court has since granted CREW's motion to stay briefing on the motion for summary judgment. On April 2, Defendants filed an unopposed motion for extension of time to respond to CREW's motion for expedited discovery. ECF No. 32.

***USDS's Position***

4. USDS respectfully submits that consideration of a possible future schedule for processing and rolling production is premature while both its motion for summary judgment and CREW's discovery motion are pending, and briefing on the motion for summary judgment is currently stayed.

5. However, in response to the Court's Order, USDS states as follows: If the Court denies USDS's summary judgment motion, the Court should decline to enter any processing order pending the Solicitor General's determination of whether to seek appellate review (and if appellate review is sought, the termination of any appellate proceedings). Should the Court decline that suggestion, or should the government not seek appellate review of any order denying its summary judgment motion, USDS respectfully suggests that the Court order it to process no more than 250 pages per month. The government notes,

however, that an order requiring it to produce any particular document would be subject to appeal, and the government offers this processing proposal without prejudice to its right to appeal and seek a stay pending appeal of any production order should the Solicitor General determine that doing so is warranted.

6.  CREW's proposal that USDS be required to process 7,000 pages a month is unreasonable on its face. That figure is more than an order of magnitude greater than the 500 pages this Court regularly orders. *See* ECF No. 30. Notwithstanding CREW's identification of some cases in which courts have ordered processing of thousands of pages per month, those cases are obvious outliers, with exceptional circumstances unlike those here. *See., e.g.*, *Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014) (requests related to "pervasive corruption in the FBI's collaboration with Top Echelon Mafia informants in murderous activities" and requester was terminally ill). A requirement that USDS process 7,000 pages per month is unworkable for USDS because it is a small non-statutory component with no established FOIA shop. And it is particularly unreasonable to demand this level of processing when documents will only ever be produced *if* the Court denies USDS's summary judgment motion, *if* it issues a production order, and *if* that order is either not appealed or is not stayed pending appeal.

***CREW's Position on Processing Rate and Defendants' Obligations***

7.  CREW respectfully requests that the Court order USDS to process 7,000 pages per month for the same reasons and pursuant to the same authorities cited by CREW in relation to OMB, each of which apply with even greater force to DOGE. *See* JSR, ECF No. 30. As CREW explained, the processing rate here must be driven by the facts and the public's urgent need for the documents at issue. That is just what the Court recognized

when it issued its preliminary injunction: CREW and the public will suffer irreparable harm if they are denied timely access to documents relating to USDS, given the extreme public interest in—and unprecedented pace, nature, and secrecy of—USDS's operations. *See* 3/10/2025 Mem. Op. at 31-34, ECF No. 18. Just as CREW explained in the parties' earlier joint status report with respect to OMB, given the urgency of informing this public debate with verified government records produced through FOIA, a processing rate of 7,000 pages per month is necessary, appropriate, and proportional under the circumstances here. It is in line with the rates ordered in similar, though less urgent, circumstances. *See* JSR, ECF No. 30; *see e.g.*, *Clemente v. Fed. Bureau of Investigation*, 71 F. Supp. 3d 262, 269 (D.D.C. 2014).

8. USDS's protestations that "it is a small non-statutory component with no established FOIA shop" are unavailing where this Court has already noted that "USDS also provides no reason why the existing FOIA office at OMB, or those elsewhere within the Executive Office of the President, could not assist with processing the narrow USDS Request. Indeed, OMB appears to have been willing at one time to handle FOIA requests on USDS's behalf." *See* 3/19/2025 Op. at 17, ECF No. 23.

9. USDS's proposal that it process just 250 pages per month is unsupported by the case law and falls very far short of meeting its obligation to process these documents "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), proposing a schedule that would not even suffice in response to a non-expedited FOIA request and that would drag out production by literal decades, effectively nullifying the preliminary injunction in this case.

10. Finally, USDS's position that setting a schedule for processing and production is "premature" and that the Court "should decline to enter any processing order"

until after USDS's appeal of an adverse summary judgment ruling fundamentally misapprehends the Court's previous orders. The Court has already held that USDS is likely an agency under FOIA and that irreparable harm will occur if the records subject to its preliminary injunction are not timely processed and produced. ECF No. 23 at 3. The Court thus held, in denying reconsideration of its March 19 order, that although it "will not require *actual production of records* until it reaches a decision on the government's forthcoming summary judgment motion, *id.* at 15 (emphasis added), "USDS *must at least begin its processing efforts now* . . . for Congress and the public to have a hope of receiving the requested information while it remains timely" *id.* at 8 (emphasis added). It is thus imperative that the Court not only set a schedule for processing and production to assure timely production of documents if Defendants' motion for summary judgment is denied, but to clarify that USDS must immediately begin processing documents for potential production.

Dated: April 3, 2025                                                            Respectfully submitted,


                                                                                YAAKOV M. ROTH
                                                                                Acting Assistant Attorney General

                                                                                ELIZABETH J. SHAPIRO
                                                                                Deputy Branch Director

                                                                                <u>/s/ Andrew M. Bernie</u>
                                                                                Andrew M. Bernie
                                                                                Trial Attorney
                                                                                U.S. Department of Justice
                                                                                Civil Division, Federal Programs Branch
                                                                                1100 L Street, NW
                                                                                Washington, D.C. 20005
                                                                                (202) 353-7203
                                                                                andrew.m.bernie@usdoj.gov

*Attorneys for Defendant*

/s/ *Nikhel S. Sus*
Nikhel S. Sus (D.C. Bar No. 1017937)
Jonathan E. Maier (D.C. Bar No. 1013857)
Donald K. Sherman (D.C. Bar No. 90031810)
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, D.C. 20044
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org
jmaier@citizensforethics.org
dsherman@citizensforethics.org

*Attorneys for Plaintiff*